**Hal O. COLLIER, Individually and behalf of all others similarly situated, Plaintiff–Appellant,**

v.

**AKSYS LTD., Scott Sacane, Durus Life Sciences Master Fund, Ltd., and Durus Capital Management, LLC, Defendants–Appellees.**

No. 05–5064–cv.

United States Court of Appeals, Second Circuit.

May 3, 2006.

Lee Squitieri, Squitieri & Fearon, LLP (Maria, J. Ciccia, of counsel; Kenneth A. Wexler and Edward A. Wallace, The Wexler Firm, Chicago Illinois), New York, NY, for Plaintiff–Appellant, of counsel.

Harry S. Davis, Schulte Roth & Zabel LLP, New York, NY, for Durus Life Sciences Master Fund Ltd., for Defendant–Appellee.

Jaclyn C. Petrozelli, Pullman & Comley, LLC (Matthew S. Dontzin, The Dontzin Law Firm LLP, New York, NY), Bridgeport, CT, for Durus Capital Management, LLC and Scott Sacane, for Defendant–Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges, and Hon. LOUIS F. OBERDORFER,* District Judge.

---

* The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

## SUMMARY ORDER

Plaintiff Hal O. Collier ("Collier"), on behalf of himself and an as-yet uncertified class of short-sellers, appeals from a judgment, entered August 18, 2005 in the United States District Court for the District of Connecticut (Kravitz, *J.*), dismissing (under Rule 12(b)(6)) the second amended class action complaint against defendants Durus Capital Management, LLC, Durus Life Sciences Master Fund Ltd., and Scott Sacane. At base, Collier alleges that defendants made material misrepresentations and omissions that artificially inflated the price of Aksys, Ltd. ("Aksys") for a period of time until the constricted supply of stock caused the stock price to "take off." Collier contends that the effects of defendant's concealed actions harmed short-sellers and violated (1) Section 10(b) of the Securities Exchange Act of 1934 ("Act") and (2) Sections 20(a) and 20A of the Act. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We review the district court's Rule 12(b) dismissal *de novo*, taking all factual allegations of the complaint as true and drawing all reasonable inferences favorable to the plaintiff. *See PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1197 (2d Cir.1996).

We affirm the judgment for the reasons stated in the well-reasoned opinion of the district court. *See Collier v. Aksys Ltd.*, No. 04 Civ. 1232, 2005 WL 1949868, 2005 U.S. Dist. LEXIS 20300 (D.Conn. Aug. 15, 2005). It may be that discovery aimed at penetrating the rationale for Durus' ultimate disclosure of their Aksys stock holdings might support a theory of market manipulation under Section 10(b) of the Act. But Collier failed to plead an actionable market manipulation claim despite two amendments to his complaint. Under the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104–67, 109 Stat. 737 (1985), codified at 15 U.S.C. § 78u–4, there is an automatic stay of discovery pending a review of the sufficiency of the pleadings. *See* 15 U.S.C. § 77z–1 ("In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). And there is nothing in the complaint (now in its third iteration) that keeps alive a claim that could be saved by discovery.

We have considered all of appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.